1  Timothy A. Lukas, Esq.
   Nevada Bar No. 4678
2  Joseph G. Went, Esq.
   Nevada Bar No. 9220
3  HOLLAND & HART LLP
   9555 Hillwood Drive, 2nd Floor
4  Las Vegas, Nevada 89134
   Tel: (702) 669-4600
5  Fax: (702) 669-4650
   Email: tlukas@hollandhart.com
6         jgwent@hollandhart.com

7  *Attorneys for Cenegenics, LLC*

8              **UNITED STATES BANKRUPTCY COURT**

9                   **DISTRICT OF NEVADA**

10 In re:                              Case No.:  14-15912-ABL
                                       Chapter:   11
11 JEFFRY S. LIFE,

12                       Debtor.        ***EX PARTE* MOTION TO FILE
                                        EXHIBITS UNDER SEAL IN
13                                      CONNECTION WITH
                                        OPPOSITION TO MOTION FOR
14                                      THE ENTRY OF AN ORDER
                                        AUTHORIZING THE DEBTOR TO
15                                      REJECT CERTAIN EXECUTORY
                                        CONTRACTS**
16

17        Cenegenics, LLC ("Cenegenics"), by and through its attorneys of the law firm of Holland

18 & Hart, LLP, hereby submits this *ex parte* motion (the "Motion") for an order, pursuant to

19 section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the

20 Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018 of the Court's

21 Local Rules of Bankruptcy Practice and Procedure ("LR"), permitting Cenegenics to file, under

22 seal, the following documents:

23        • Exhibit 1 to Cenegenics' *Opposition to the Motion for the Entry of an Order*

24          *Authorizing the Debtor to Reject Certain Executory Contracts* (the "Opposition")

25          filed concurrently herewith, consisting of a Management Support and License

26          Agreement with its Exhibits including the Image License Agreement (the

27          "Management Agreement"); and,

28                              Page 1 of 4

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

7144493_2

- Exhibit 2 to the Opposition, consisting of an Addendum to the Management Agreement. (together, the "Exhibits")

Pursuant to LR 9018, Cenegenics anticipates filing the Exhibits under seal by delivering a copy to the Court for *in camera* review.

## MEMORANDUM OF POINTS AND AUTHORITIES

Section 107(b) of the Bankruptcy Code provides that "[o]n a request of a party in interest, the bankruptcy shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107. Bankruptcy Rule 9018 provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bank. P. 9018.

Local Rule 9018 requires prior Court approval in order for a paper to be filed under seal. Local Rule 9018(a). Local Rule 9018 further requires that paper copies of the documents proposed to be filed under seal must be delivered to the presiding judge, and designated as such, for *in camera* review. *Id.*

When seeking to seal a judicial record, courts have historically recognized a "general right to inspect and copy public records and documents including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). In the bankruptcy context, this common law right to access has been codified in 11 U.S.C. § 107. As such "[i]ssues concerning public disclosure of documents in bankruptcy cases should be resolved under § 107, not under the common law." *In re Neal,* 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 8 (1st Cir. 2005)).

Under Section 107(b), "if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2nd Cir. 1994).

Generally, confidential commercial information has been defined as business information the disclosure of which would cause an unfair advantage to competitors. *See In re Itel Corp.*, 17

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

Page 2 of 4

7144493_2

B.R. 942, 944 (9th Cir. BAP 1982); *see also Bank of New York v. Meridien Biao Bank Tanz.*, 171 F.R.D. 135, 144 (S.D.N.Y. 1997) (explaining that there is "a broad spectrum of internal corporate documents" that are regularly found to constitute confidential business information). For instance, in *Orion*, the court found that a licensing agreement and related documents between the debtor and another entity constituted commercial information properly subject to protection under Section 107(b)(1) because "disclosing the sealed information, including the overall structure, terms and conditions of the [agreement], renders very likely a direct and adverse impairment to Orion's ability to negotiate favorable promotion agreements, thereby giving Orion's competitors an unfair advantage." *Orion*, 21 F.3d at 29. Similarly, in a case decided under Fed. R. Civ. Proc. 26, which imposes a higher standard for issuance of a protective order than that applicable to Section 107(b)(l), the District of Nevada found that a party's ground lease was subject to protection as confidential commercial information because public disclosure "would interfere with their ability to negotiate ground leases in the future and would offer competitors an advantage by granting them access to the inner workings of the [defendant's] property and lease negotiations." *Phase II Chin, LLC v. Forum Shops, LLC*, 2010 WL 2695659, *2 (D. Nev. July 2, 2010); *see also Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338, *6 (D. Nev. April 29, 2011) (finding "compelling reasons" to seal material that included information about proprietary business operations or a company's business model or agreements with clients).

In cases where protection is required, the Court has discretion when deciding how to protect commercial information. *See In re Gitto Global Corp.*, 422 F.3d at 9. Sealing court submissions containing commercial information is a common way to protect entities when the protective provisions of section 107 are triggered. *See, e.g., In re Barney's Inc.*, 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996) ("*Orion* mandates that we seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operation of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.").

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

7144493_2

1   The Exhibits are comprised of a confidential management agreement, which includes a

2   licensing agreement and related documents.  Similar to the documents at issue in *Orion*, the

3   disclosure of the Exhibits would involve disclosure of the overall structure, terms, and conditions

4   of the agreements, which result in a direct and adverse impairment to Cenegenics' ability to

5   negotiate favorable agreements in the future and equip its competitors with an unfair advantage.

6   In short, the information in the Exhibits constitutes "trade secret or confidential research,

7   development, or commercial information" entitled to protection under section 107 of the

8   Bankruptcy Code and Bankruptcy Rule 9018.

9   WHEREFORE, based on the foregoing, Cenegenics respectfully requests that this Court

10  grant the Motion and enter an order substantially in the form of the proposed order attached

11  hereto as **Exhibit A**.

12  DATED on this 24th day of September, 2014.

13  **HOLLAND & HART, LLP**

14

15  _/s/Timothy A. Lukas, Esq._
    Timothy A. Lukas, Esq.  (Nevada Bar No. 4678)

16  Joseph G. Went, Esq.  (Nevada Bar No. 9220)
    9555 Hillwood Drive, 2nd Floor

17  Las Vegas, Nevada 89134
    Tel:  (702) 669-4600

18  Fax: (702) 669-4650

19  *Attorneys for Cenegenics, LLC*

20

21

22

23

24

25

26

27

28

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ◆ Fax: (702) 669-4650

7144493_2

# Exhibit A

# Exhibit A

Timothy A. Lukas, Esq.
Nevada Bar No. 4678
Joseph G. Went, Esq.
Nevada Bar No. 9220
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Tel:  (702) 669-4600
Fax: (702) 669-4650
Email: tlukas@hollandhart.com
          jgwent@hollandhart.com

*Attorneys for Cenegenics, LLC*

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

JEFFRY S. LIFE,

               Debtor.

Case No.:    14-15912-ABL
Chapter:      11

**ORDER TO FILE EXHIBITS UNDER SEAL IN CONNECTION WITH OPPOSITION TO MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO REJECT CERTAIN EXECUTORY CONTRACTS**

      The Court, having reviewed and considered the *ex parte* motion (the "Motion"), filed herein by Cenegenics, LLC ("Cenegenics"), to file exhibits under seal in connection with the *Opposition to the Motion for the Entry of an Order Authorizing the Debtor to Reject Certain Executory Contracts* (the "Opposition"), and with good cause appearing therefore:

      **IT IS HEREBY ORDERED** that the Motion is GRANTED in its entirety; and

Page 1 of 2

7144522_2

**IT IS FURTHER ORDERED** that Cenegenics shall be permitted to file under seal the following exhibits referenced in the Opposition:

- Exhibit 1 to Cenegenics' *Opposition to the Motion for the Entry of an Order Authorizing the Debtor to Reject Certain Executory Contracts* (the "Opposition") filed concurrently herewith, consisting of a Management Support and License Agreement with its Exhibits including the Image License Agreement (the "Management Agreement"); and,

- Exhibit 2 to the Opposition, consisting of an Addendum to the Management Agreement (together, the "Exhibits").

**IT IS FURTHER ORDERED** that the Exhibits shall be sealed in accordance with sections 105(a) and 107 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 9018, and Local Rule 9018.

Prepared and submitted by:

**HOLLAND & HART, LLP**

 /s/*Timothy A. Lukas, Esq.*
Timothy A. Lukas, Esq.  (Nevada Bar No. 4678)
Joseph G. Went, Esq.  (Nevada Bar No. 9220)
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Tel:  (702) 669-4600
Fax: (702) 669-4650

*Attorneys for Cenegenics, LLC*

# # #

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

7144522_2