Samuel A. Schwartz, Esq.  E-Filed: November 5, 2014
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | ) Case No. 14-15912-ABL |
| | ) |
| Jeffry S. Life, | ) Chapter 11 |
| | ) |
| Debtor. | ) Hearing Date: November 12, 2014 |
| | ) Hearing Time: 1:30 p.m. |
| | ) |

**REPLY TO OPPOSITION TO MOTION FOR THE ENTRY OF
AN ORDER AUTHORIZING THE DEBTOR TO REJECT THE
CENEGENICS CONTRACTS NUNC PRO TUNC TO THE PETITION DATE**

Jeffrey S. Life, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), by and through his counsel of record, The Schwartz Law Firm, Inc., hereby files his reply (the "**Reply**") to the Opposition (the "**Opposition**") of Cenegenics, LLC ("**Cenegenics**") to the Debtor's Motion (the "**Motion**")[1] for the Entry of an Order Authorizing the Debtor to Reject the Cenegenics Contracts Nunc Pro Tunc to the Petition Date. In support of this Reply, the Debtor relies on the declaration of Dr. Jeffrey S. Life (the "**Life Declaration**"), previously submitted before this Court (Docket No. 44, pp. 11-13), and respectfully states as follows:

**Preliminary Statement**

1.  For the same reasons Cenegenics opposed the Debtor's First Motion,

---
[1] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Motion.

1

Cenegenics opposes the instant Motion. Contrary to Cenegenics' arguments, however, the Cenegenics Contracts are an impediment to the Debtor's existing medical practice and Dr. Life testified at his 341 meeting that he would lose his job if he is not able to use his name, image and likeness. Moreover, the Cenegenics Contracts contain licenses to use Dr. Life's name, image and likeness generally, and are not intellectual property as defined by the Bankruptcy Code.

2. The Cenegenics Contracts should also be rejected in their entirety, as carving out the equitable remedies and arbitration provisions would (a) defeat the entire purpose of rejection, and (b) conflict with the purposes of the Bankruptcy Code in allowing the Debtor to reorganize and maximize the value of his estate for his creditors. Accordingly, the Debtor respectfully requests that the Motion be granted, and the Cenegenics Contracts be rejected in their entirety.

## **Legal Argument**

### A. The Management Agreement and the Image Agreement Are an Impediment to Debtor's Existing Medical Practice

3. As set forth in the Motion, the Debtor, under his sound business judgment, states that the Cenegenics Contracts are an impediment to his existing medical practice. Cenegencis, in its Opposition, cites a portion of the 341 meeting transcript to state that Dr. Life is merely practicing medicine. See Opposition, p. 6. Simply put, this cited portion does not tell the whole story. Dr. Life testified that he is practicing medicine because of the impediments imposed by the Cenegenics Contracts, and will lose his job if he can't use his name and image. Specifically, Dr. Life, when responding to a question about being able to pay his debts, stated:

DR. LIFE:    I should be able to handle that debt if I can keep my job.

2

> But if I cannot use my image and my persona and my name
> to practice medicine, then I will lose my job and I will not
> be able to pay anything and I will lose everything.

See 341 Meeting Transcript, Docket No. 78, Exhibit 1, 29:24-30:3.

4. Further, when responding to questions about his plan of reorganization, Dr. Life stated:

> DR. LIFE:   Well, my plan of reorganization is in limbo now because I
> don't even know if I'm going to have a job.  If I can keep
> my job and work in the field of age management medicine,
> then I will start paying off my debts.

Id. at 60:6-10.

5. Dr. Life runs the risk of losing his job and ability to reorganize and pay off his debts if he is not able to use his name, image and likeness.  Indeed, the Cenegenics Contracts are an impediment to Dr. Life's existing medical practice and he is entitled to reject such contracts in his sound business judgment.  Importantly, this Court found in its prior oral ruling that Dr. Life is the exclusive owner of his name and image.

**B.    The Cenegenics Contracts Are Not Intellectual Property**

6. In its Opposition, Cenegenics admits that Dr. Life's general image, likeness, and name are licensed to Cenegenics in the Image Agreement (see Opposition, p. 7, ll. 12-13), but then states that Cenegenics' use of Dr. Life's image, likeness and name in specific advertisements are "works of authorship" that constitute the subject matter of a copyright. Simply put, Cenegenics' misses the mark.

7. Cenegencis relies on two cases in support of its position, Laws v. Sony Music Entertainment, Inc., 448 F.3d 1134, 1139 (9th Cir. 2006), and Fleet v. CBS, Inc., 50 Cal.App.4th 1911 (1996).  Both cases involved a specific copyright, either a song or a film, and not a person's general image and likeness.  As such, both cases are distinguishable from

3

this case.

8.  Here, Cenegenics attempts to compare its use of Dr. Life's name, image and likeness to that of a specific song of a singer or a specific performance of an actor in a film. Songs and motion pictures fall under federal copyright laws, which in turn, are considered intellectual property under the Bankruptcy Code. An individual's likeness and name do not, and, Cenegenics' argument on this level fails.

9.  First, musical works, including any accompanying words, motion pictures and other audiovisual works, and sound recordings are all specifically defined as "works of authorship" under 17 U.S.C. § 102(A). On this basis alone, Cenegenics' cited case law is inapplicable to the instant matter, as nothing in this case involved music, motion pictures or songs.

10. Second, the Debtor's appearance in Cenegenics materials as "Dr. Life" is not a dramatic portrayal of a character in a film or advertisement, but rather, it is Dr. Life himself. It is his own name, image and likeness. As such, 17 U.S.C. § 102(A) does not apply here.

11. Third, Dr. Life's name and image in Cenegenics' advertisements is not a "dramatic work" that is "fixed in a tangible medium of expression" subject to federal copyright laws, but rather, is simply Dr. Life's name, image and likeness, which are rights of publicity. Again, Dr. Life portraying himself brings this matter outside of 17 U.S.C. § 102(A). Indeed, as pointed out by Cenegenics, "[a] person's name, image or likeness is not a work of authorship within the meaning of 17 U.S.C. § 102." Downing v. Ambercrombie & Fitch, 265 F.3d 994, 1004 (9th Cir. 2001). As the Image Agreement gives Cenegenics a license to use Dr. Life's general name, image and likeness, the license contained in the Image

4

Agreement is not intellectual property as defined in the Bankruptcy Code.

12.  Cenegenics, however, again attempts to clear this hurdle by stating that Dr. Life's name, image or likeness are not works of authorship standing alone, but a specific picture used in an advertisement.  See Opposition, p. 7.  As stated above, however, the specific pictures, portrayals, song, films or other works of authorship that would fall within federal copyright laws do not apply here.  Cenegenics does not use Dr. Life's name, image and likeness as part of a specific character in a portrait or film, but rather, Cenegencis uses Dr. Life.  Cenegenics admits that the Property (as defined in the Image Agreement) includes the right to market the Debtor's image.  See Opposition, p. 11.  The Debtor's own image is not a work of authorship.  According, the Property described in the Image Agreement is not intellectual property as defined in the Bankruptcy Code.

**Cenegenics Should Not Be Allowed to Carve-Out a Right to Seek Equitable Relief**

13.  Next, Cenegenics again argues (as with the First Rejection Motion) that even with rejection, it still retains rights that are enforceable under the parties' Image License Agreement.  Despite Dr. Life's arguments regarding the inapplicability of In re Ortiz, 400 B.R. 755, 762 (C.D. Cal. 2009) (involving a personal services contract between a boxer and his promoter) Cengenics, without addressing Dr. Life's arguments, continues to cite to Ortiz for its proposition that it should be able to seek equitable relief, despite rejection.  As set forth in the Motion, Ortiz is not applicable here.

14.  Moreover, the case law cited by Dr. Life in his Motion is valid and on-point with the facts of this matter.  Importantly, all the cases cited by Dr. Life in the Motion involved trademark cases where the courts found that the applicable remedy to the non-bankrupt party is damages only.  See e.g. Lubrizol Enterprises, Inc. v. Richmond Metal

5

Finishers, Inc., 756 F.2d 1043, 1048 (4th Cir. 1985); citing H. Rep. No. 95-595, 95th Cong., 2d Sess. 349, reprinted in 1978 U.S. Code Cong. & Ad. News 5963, 6305; In re Ducane Gas Grills, Inc., 320 B.R. 341 (Bankr. D. S.C. 2004) (same); In re Sun Belt Elec. Constructors, Inc., 56 B.R. 686 (Bankr. N.D. Ga. 1986) (same); In re Centura Software Corp., 281 B.R. 660 (Bankr. N.D. Cal. 2002) (same).

15.    While the cases cited above involved the rejection of trademarks in bankruptcy, they are equally applicable in this matter because Dr. Life's name, image and likeness, constitute a right of publicity. A right of publicity, similar to a trademark, is not defined as intellectual property under the Bankruptcy Code. Accordingly, the cases law cited above and in the Motion, which provide for the remedy of damages, should be applied in this case.

16.    Moreover, Cenegenics states that there has been a change in understanding and application of Section 365(g) through the 1990s and 2000s, but cites no case applicable case law, with the exception of Ortiz, to support its position. See Opposition, pp. 12-13. Importantly, the Debtor's above-citations contain cases from 2002 (In re Centura Software Corp.) and 2004 (In re Duncane Gas Grills, Inc.). Such later case-law rebuts the Cenegenics bald arguments.

17.    Finally, Cenegenics cites to this Court's decision in In re Jack, 471 B.R. 252, 257 (Bankr. D. Nev. 2012), for its proposition that the non-competition covenants in the Management Agreement and Image Agreement do not constitute "claims" under the Bankruptcy Code because these rights would be "irreparable by money damages, [and thus]" not be affected by the discharge. See Opposition, pp. 13-14. Like the Ortiz case, however, the Jack case is inapplicable here because it also involved a personal services contract of a

6

boxer and his promoter. <u>In re Jack</u>, 471 B.R. at 257. Unlike the boxer who is bound to his or her promoter for fight opportunities, Dr. Life only licensed his image to Cenegenics, not his right to practice medicine.

18. Finally, contrary to Cenegenics' assertion, the non-competition covenants in the Management Agreement and Image Agreement may be resolved by money damages. In fact, in the Nevada case of <u>Camco, Inc. v. Baker</u>, the Nevada Supreme Court modified and limited a non-compete agreement, but also allowed proceedings to ensue relating to money damages. See <u>Camco, Inc. v. Baker</u>, 936 P.2d 829 (1997) (reducing doctor's non-compete agreement from 100 miles to outer city limits of Reno, Nevada, and allowing further proceedings for damages). Accordingly, the Debtor's rejection of the contracts here does not allow for a carve-out for Cenegenics to seek equitable remedies, as money damages suffice.

**Rejection Should Include the Arbitration Clause**

19. As stated in its prior opposition to the Debtor's First Motion, Cenegenics argues that despite rejection of the Cenegenics Contracts, the arbitration clause should survive. For the same reasons set forth above, the arbitration clause should be rejected as well.

20. In its Motion, Dr. Life cited case law stating that courts generally disfavor the requests for leave from the automatic stay to allow creditors to enforce and pursue arbitration, because it forces the debtors to dedicate scarce resources to defend arbitration claims, especially when their efforts should be focused on their bankruptcy cases. <u>In re Valley Kitchens, Inc.</u>, 58 B.R. 6, 9-10 (Bankr. S.D. Ohio 1985). Moreover, the Ninth Circuit has ruled that a bankruptcy court has discretion to decline to enforce an otherwise applicable

arbitration provision if the arbitration would conflict with the purposes of the bankruptcy code. In re Thorpe Insulation Co., 671 F.3d 1011 (9th Cir. 2012).

21. In its Opposition, however, Cenegenics does not address either of the above-cited cases or any of the Dr. Life's arguments. Rather, Cenegenics cites general case law regarding a strong public policy in favor of arbitration. See Opposition, p. 15. Furthermore, Cenegenics cites again to In re Ortiz, 400 B.R. 755, 762 (C.D. Cal. 2009), and another personal services boxing case, Square Ring, Inc. v. Soszynski, 508 B.R. 693, 696 (Bankr. N.D. Ill. 2014). As stated earlier, these cases involve personal services contracts related to boxers and their promoters and are not applicable here.

22. Simply put, in this matter, Dr. Life is seeking to reject the Cenegenics Contracts, by which Cenegenics' claims for money damages will be claims to be administered in these bankruptcy proceedings. Given the history of the dispute between Dr. Life and Cenegenics, Dr. Life's efforts and scarce resources should not be used to defend arbitration claims of Cenegenics, but rather, his efforts and resources should be put to work maximizing the value of his bankruptcy estate for his creditors. Indeed, in this instance, enforcing the arbitration provision would conflict with the purposes of the bankruptcy code (Dr. Life's reorganization and maximization of value to his bankruptcy estate). Accordingly, the arbitration provision should not survive the Dr. Life's rejection of the Cenegenics' Contracts.

23. For the reasons stated above, Dr. Life respectfully requests that this Court grant the Motion and allow the Debtor to reject the Cenegenics' Contracts in their entirety.

Dated this 5th day of November, 2014.

Respectfully Submitted,

/s/Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtor

# CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was sent ELECTRONICALLY on November 5, 2014, to the following:

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

JASON ELLIS PHOTOGRAPHY
jasonellisphoto@yahoo.com

JASON ELLIS
jasonellisphoto@yahoo.com

ERIK W. FOX on behalf of Debtor JEFFRY S. LIFE
EFOX@MACLAW.COM, HBENEDICT@MACLAW.COM

TIMOTHY A LUKAS on behalf of Creditor CENEGENICS, LLC
ecflukast@hollandhart.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
edward.m.mcdonald@usdoj.gov

JOSEPH G. WENT on behalf of Creditor CENEGENICS, LLC
JGWent@hollandhart.com, agstajkowski@hollandhart.com

/s/Christy L. Cahall
    Christy L. Cahall